# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| ABDEL RAHMAN M. ALI | * | CIVIL ACTION NO. 06-0401 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALEZ, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by *pro se* Petitioner Abdel Rahman M. Ali ("Ali") on March 9, 2006. The Government has filed a response to Ali's petition. (Document No. 8). For reasons stated below, it is recommended that Ali's petition be **DISMISSED without prejudice.**

## BACKGROUND

Ali, a native and citizen of Sudan, first entered the United States at New York City on May 6, 1990. On May 6, 1998, he successfully adjusted his status to a lawful permanent resident. On May 24, 2002, Ali was convicted in North Carolina of trafficking in cocaine, and he received a prison sentence of two and a half years.

Toward the end of Ali's incarceration, the United States Bureau of Immigration and Customs Enforcement ("ICE") instituted removal proceedings and, on June 22, 2004, took Ali into custody. Shortly thereafter, on August 12, 2005, an immigration judge ordered Ali removed from the United States to his native Sudan.

On April 25, 2006, ICE reviewed Ali's custody and issued a decision to release him under an order of supervision pending his removal. The primary basis for ICE's decision was its inability to obtain the necessary travel documents from the Sudanese government. Specifically, on April 14, 2006, an official from the Sudanese Consulate informed ICE that they needed more time to consider ICE's initial travel document request and expressed that the Consulate was

reluctant to state when or if travel documents would be issued. The decision was also based on the opinion of a reviewing deportation officer that Ali had a strong family support system in the United States, including a wife and two children.

In his petition, Ali's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Ali, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, ICE recently issued a decision to release Ali from custody under an order of supervision. Therefore, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE